JOHN DEFILE and Another, Plaintiffs, *v.* THE HUDSON REPUBLICAN CORPORATION, Defendant.

Supreme Court, Columbia County, April 23, 1934.

*Connor & Eaton,* for the plaintiffs.

*John V. Whitbeck, Jr.* [*Samuel B. Coffin* of counsel], for the defendant.

SCHENCK, J. Plaintiffs are the owners of a parcel of real estate located on the northerly side of Warren street in the city of Hudson, consisting of a three-story brick building, the ground floor of which is occupied by plaintiffs as a restaurant, the two upper floors being rented for residential purposes. The defendant operates a printing plant in the premises immediately adjoining plaintiffs' property on the east, at which location it has been engaged in printing a morning newspaper for upwards of fifty years, and employs thirty persons in connection therewith. A flat bed semi-rotary press, installed twenty-four years ago, is used in the printing of the newspaper and plaintiffs complain that noise and vibration from this press and the pounding during the process of planing the type used in making up the newspaper forms creates a nuisance. This press is of the type used in the printing of a very large percentage of the newspapers published and is in very good condition. Undoubtedly, some noise results from the operation of this press and from the planing of the type, the noise occasioned by the latter operation being the principal cause of complaint. The method employed by defendant in planing the type is the only one known to the trade. The type is set up in forms and locked in by side and foot slugs. A wooden block, eight inches by three inches, on the back of which is a cushion of heavy leather, is laid on the face of the type and pounded with a rawhide mallet. During the process these forms rest on a heavy iron table. From the evidence it appears that it requires less than a minute to plane one form. This newspaper takes from eight to fourteen forms. The resulting noise from this pounding was described on the trial as being similar to that caused by a croquet ball being struck with a mallet. The paper is usually made up between one and two o'clock in the morning and there has been no change in the operation of this plant during the last twenty-four years.

Warren street is the principal business street in the city. With few exceptions the buildings on this street are used in part for

residential purposes and in part for business, the ground floor of nearly all being occupied by stores. There is another newspaper printing plant on the same side of the street, less than a block away from defendant's property, where an evening paper is published. The trolley line formerly operated in Warren street has been supplanted by bus service.

The printing of defendant's morning newspaper necessarily requires that the press operations be carried on during the early morning hours. While the plaintiff may have suffered some annoyance and discomfort and even some injury, it must be found from the evidence presented in this action that defendant's use of its property under the existing circumstances is reasonable. Judge VANN, writing for the court in *McCarty* v. *National Carbonic Gas Co.* (189 N. Y. 40), concisely states the rule which governs in cases of private nuisances when he says: " The law relating to private nuisances is the law of degree and usually turns on the question of fact whether the use is reasonable or not under all the circumstances. No hard and fast rule controls the subject, for a use that is reasonable under one set of facts would be unreasonable under another."

The plaintiffs acquired this property in 1920, long after the establishment of defendant's printing plant, and resided there for about eight years. Thereafter they rented the two upper flats and conducted a pool room on the ground floor. Since the repeal of prohibition they have maintained the ground floor as a restaurant. If plaintiffs acquired property on the principal business street of the city for residential purposes, they could not reasonably expect the quiet of the country. A person who elects to live in a business center and derive the advantage of being enabled to utilize the main floor of his building for business purposes must expect the noise and confusion incident to trade and commerce. When plaintiffs acquired property adjacent to this long-established printing plant they were bound to recognize the conditions and the incidents thereof. The defendant carries on a lawful and necessary business, representing an investment of upwards of $60,000. A daily newspaper is a necessity to the people of the city of Hudson, and the fact that defendant publishes a morning paper, requiring the operation of its machinery during the early morning hours, cannot be held to be an unreasonable use of property. The resultant noise is an inseparable and necessary incident to the business and equity is reluctant to interfere with a lawful business lawfully carried on, unless it be clearly shown that there has been an invasion of a clear legal right which results in serious and permanent injury.

The defendant is entitled to judgment. Submit findings.